IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, <br> # 01169005, <br> Plaintiff, | ) <br> ) <br> ) <br> ) | |
| vs. | ) | No. 3:21-CV-1949-D |
| R. MOORE, et al., <br> Defendants. | ) <br> ) <br> ) | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Kevin Jerome Jones ("Jones") has filed three September 3, 2021 motions to alter or amend the judgment and complaint (the "September 3 motions"), a motion to proceed *in forma pauperis*, and two motions/orders by permission, which were docketed on September 27, 2021 and September 30, 2021, respectively. For the reasons that follow, the September 3 motions and the motion to proceed *in forma pauperis* are denied, and the motions/orders by permission are dismissed for lack of jurisdiction.

I

Jones is currently an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division. On June 8, 2021 the clerk of court docketed a new complaint dated June 2, 2021 (the "June 8 complaint") in one of Jones's closed prisoner's civil rights actions. To the extent the June 8 complaint added new defendants and raised new claims based on new acts or omissions from those raised in the closed action, it was deemed a new civil action. Because Jones had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA"), he could not proceed on his complaint without the prepayment of the filing fee unless

he showed that he was subject to imminent danger of serious physical injury. He did not make this showing. On August 19, 2021 his June 8 complaint was summarily dismissed without prejudice as barred by § 1915(g) because he had not paid the full filing fee.

Jones filed the September 3 motions in response to the dismissal of the June 8 complaint in the new action. They do not challenge the finding that Jones has had at least three prior civil actions or appeals dismissed under § 1915(g). They also do not allege or show that Jones was subject to imminent danger of serious physical injury, and therefore permitted to proceed on his complaint without the prepayment of the applicable filing fee. Because the September 3 motions fail to address or remedy the basis for the dismissal of the June 8 complaint, they are denied. The June 8 complaint is dismissed without prejudice as barred by § 1915(g).

II

Jones has also filed a motion for leave to proceed *in forma pauperis* in this action. The court previously determined that Jones had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted under § 1915(g). Accordingly, he cannot proceed on his complaint without the prepayment of the filing fee unless he shows that he was subject to imminent danger of serious physical injury. As discussed, he did not and has not made this showing. His motion to proceed *in forma pauperis* is denied.

III

In his September 27, 2021 motion/order by permission, Jones references a § 1983 complaint form and asserts that the information provided goes with a § 1983 complaint he filed the previous week. *See* Mot. 8 at 1. But the substance of the filing challenges the calculation of his state

sentence. *See id.* at 2-4, 9-10. Jones similarly appears to challenge the validity of his state sentence and conviction in his September 30, 2021 motion/order by permission. Mot. 10 at 1-2, 7.

When a state prisoner seeks relief in federal court from the fact or duration of confinement, the claim is cognizable only as an action for a petition for writ of habeas corpus after the exhaustion of state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 n.14 (1973). Section 1983 cannot be used by a prisoner to challenge his state sentence or conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). Relief through a habeas corpus petition is the "exclusive remedy for state prisoners who 'seek to invalidate the duration of their confinement–either *directly* through an injunction compelling speedier release or *indirectly* through a determination that necessarily implies the unlawfulness of the State's custody.'" *Kyles v. Garrett,* 353 Fed. Appx. 942, 945 (5th Cir. 2009) (per curiam) (quoting *Wilkinson*, 544 U.S. at 81) (emphasis in original). Because Jones cannot challenge his state court conviction or sentence in this or any other § 1983 civil action, his motions/orders by permission seeking habeas relief are dismissed for lack of jurisdiction.

\*   \*   \*

For the reasons explained in this memorandum opinion and order, the court denies Jones's September 3 motions and motion to proceed *in forma pauperis*, and dismisses for lack of jurisdiction

the motions/orders by permission docketed on September 27, 2021 and September 30, 2021, respectively. All pending motions are either denied or dismissed.

**SO ORDERED**.

October 27, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE