IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JEROME JONES, ) | |
| # 01169005, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:21-CV-1949-D |
| ) | |
| R. MOORE, et al., ) | |
| Respondents. ) | |

MEMORANDUM OPINION
AND ORDER

Construing plaintiff Kevin Jerome Jones's ("Jones's") November 29, 2021 filing (the "November 29 filing") as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies the motion.

I

Jones is currently an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division. On June 8, 2021 the clerk of court docketed a new complaint dated June 2, 2021 (the "June 8 complaint") in one of Jones's closed prisoner's civil rights actions. To the extent the June 8 complaint added new defendants and raised new claims based on new acts or omissions from those raised in the closed action, it was deemed a new civil action. On August 19, 2021 the court summarily dismissed the June 8 complaint without prejudice as barred by 28 U.S.C. § 1915(g) because Jones had not paid the full filing fee. In response to the dismissal, Jones filed three motions on September 3, 2021 (the "September 3 motions"). The court denied them because the September 3 motions failed to address or remedy the basis for the dismissal of the June 8 complaint. The June 8 complaint was again dismissed without prejudice as barred by § 1915(g), and judgment was entered on October 27, 2021.

II

Because the November 29 filing was filed after the dismissal of the June 8 complaint and was postmarked within 28 days of the entry of judgment, it is properly construed as a Rule 59(e) motion to alter or amend the judgment. *See, e.g., Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

Here, Jones has failed to satisfy the standard for obtaining Rule 59(e) relief. He has neither shown a manifest error of fact or law or a change in controlling law, nor presented newly discovered evidence. He instead asserts factual allegations for unrelated claims about missing, stolen, or broken personal items that appear to have occurred after entry of judgment. *See* Mot. at 1-4. The November 29 filing also includes documents that appear to challenge his state court conviction and

sentence. *See* Mot. at 5-7. Jones cannot challenge his state court conviction or sentence in this or any other § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

Accordingly, for the reasons explained, the court construes the November 29 filing to be a Rule 59(e) motion to alter or amend the judgment and denies the motion.

**SO ORDERED**.

December 3, 2021.

                        _____
                        SIDNEY A. FITZWATER
                        SENIOR JUDGE